UNITED STATES of America,
Plaintiff–Appellee,

v.

David Keith MERRIMAN,
Defendant–Appellant.

No. 12–30396.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 2, 2013.

Marcia Kay Hurd, Esquire, J. Bishop Grewell, Leif Johnson, USBI–Office of the

U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Lisa Jeannine Bazant, Billings, MT, for Defendant–Appellant.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

David Keith Merriman appeals from the district court's judgment and challenges the 96–month sentence imposed following his guilty-plea conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Merriman contends that his sentence is substantively unreasonable in light of his background, age, lack of criminal history, and low risk of recidivism. The district court did not abuse its discretion in imposing Merriman's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Merriman's failure to recognize the severity of his offense. *See id.*

To the extent that Merriman claims that the district court erred by failing to con-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sider all of the section 3553(a) sentencing factors and by ignoring his policy argument that the child pornography Guidelines result in an unduly harsh sentence, the record does not support these contentions.

**AFFIRMED.**

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.